IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


ANTHONY S. ZASADA,                          05-CV-1849-BR

           Plaintiff,                       OPINION AND ORDER

v.

GAP, INC.; JENNIFER
NOWACK; and JULIE KING,

           Defendants.


D. ERIC WOODARD
MARK KRAMER
Kramer & Associates
520 SW Sixth Avenue, Ste. 1010
Portland, OR 97204
(503) 243-2733

           Attorneys for Plaintiff


1 - OPINION AND ORDER

**RICHARD C. HUNT**
**PAULA A. BARRAN**
Barran Liebman LLP
601 SW Second Avenue, Suite 2300
Portland, OR 97204-2300
(503) 228-0500

　　　　Attorneys for Defendants


**BROWN, Judge.**

　　　This matter comes before the Court on Plaintiff's Amended Motion to Remand (#14) and Defendants' Motion to Dismiss, or in the Alternative Motion for Summary Judgment (Timeliness) (#3). The Court heard oral argument regarding these Motions on June 19, 2006.

　　　For the following reasons, the Court **DENIES** Plaintiff's Amended Motion to Remand, **GRANTS** Defendants' Motion to Dismiss, and **GRANTS** Plaintiff until August 25, 2006, to file an amended complaint.


## BACKGROUND

　　　On November 7, 2005, Plaintiff Anthony S. Zasada filed a complaint in Multnomah County for disability discrimination and retaliation under Or. Rev. Stat. § 659A.112 against Gap, Inc., his former employer, and Jennifer Nowack and Julie King, his former managers.  Plaintiff alleges Defendants discriminated and retaliated against him because of his disability (HIV/AIDS) by not complying with the recommendation of Plaintiff's doctor that

2 - OPINION AND ORDER

Plaintiff work no more than four consecutive days as well as by constructively terminating Plaintiff on November 12, 2003.

On December 7, 2005, Defendants removed Plaintiff's state-court action to this Court based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.


### PLAINTIFF'S MOTION TO REMAND

Defendants removed this action to federal court based on diversity jurisdiction even though there is not complete diversity between the parties on the face of Plaintiff's Complaint.  Defendants contend the individual Defendants are "sham" or "fraudulent" defendants because they cannot be held liable under Plaintiff's theory of liability.  Defendants point out there is complete diversity if the individual Defendants are not proper parties.

Plaintiff, however, moves to remand this matter to state court because the individual Defendants are proper defendants and, therefore, there is not complete diversity.  Plaintiff also requests an award of costs and reasonable attorneys' fees for incurring the costs of opposing removal.

### Standards

A motion to remand is the proper procedure for challenging removal.  *N. Cal. Dist. Council of Laborers v. Pittsburgh-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995).  The

3 - OPINION AND ORDER

removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)(citations omitted). The presumption against removal jurisdiction means "the defendant always has the burden of establishing that removal is proper." *Id.* (citations omitted).

For removal to be valid based on diversity jurisdiction, 28 U.S.C. § 1332(a) "requires complete diversity of citizenship." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). One exception to the requirement of complete diversity, however, is when a nondiverse defendant has been fraudulently joined for the purpose of defeating diversity jurisdiction. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). A district court may disregard the citizenship of a nondiverse party named in the complaint if joinder of the nondiverse party is a sham or fraudulent. *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). Fraudulent joinder does not impugn the integrity of the plaintiffs or their counsel and does not constitute an intent to deceive. *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979) *aff'd*, 710 F.2d 549 (9th Cir. 1983). Instead

> [j]oinder of a non-diverse defendant is
> deemed fraudulent, and the defendant's
> presence in the lawsuit is ignored for
> purposes of determining diversity, if the
> plaintiff fails to state a cause of action
> against a resident defendant, and the failure

4 - OPINION AND ORDER

> is obvious according to the settled rules of
> the state.

*Morris*, 236 F.3d at 1067.

A defendant seeking removal to federal court "is entitled to present the facts showing the joinder to be fraudulent." *McCabe*, 811 F.2d at 1339. *See also Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998), *cert. denied*, 525 U.S. 963 (1998). To resolve fraudulent-joinder claims, the court may look beyond the pleadings and consider evidence similar to that offered in summary-judgment proceedings such as affidavits and deposition testimony. *Morris*, 236 F.3d at 1067.

A district court must resolve all questions of disputed fact and controlling law against the party seeking removal. *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995)(citations omitted). Removal to federal court will be sustained, however, if the removing party demonstrates there is not any possibility that the plaintiff can state a claim against the nondiverse defendants. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992). *See also DaCosta v. Novartis AG,* 180 F. Supp. 2d 1178, 1181 (D. Or. 2001); *Ritchey*, 139 F.3d at 1318 ("[A] defendant must have the opportunity to show that the individuals joined in the action cannot be liable on any theory.").

## Discussion

The parties do not dispute their residency:  Plaintiff is a resident and citizen of Oregon; Defendant Gap, Inc., is a Delaware corporation and is headquartered in California; Defendant Julie King and Defendant Jennifer Nowack are both residents of Oregon.

Plaintiff contends the joinder of individual Defendants Nowack and King was not fraudulent or a sham, and he asserts he alleged sufficient facts in his Complaint to support claims against Nowack and King for discrimination and retaliatory constructive discharge.  Plaintiff also asserts the actions of Nowack and King are inconsistent with Gap policies, and, therefore, "a distinct and separate claim against the Oregon citizen defendants exists, and that claim is apparent from a review of Plaintiff's complaint."  Pl.'s Am. Mot. to Remand at 3, ¶ 7.  The Court notes, however, Plaintiff does not identify specifically the "distinct and separate claim" that he asserts exists against the individual Defendants.

In any event, Defendants argue Nowack and King are not proper parties under Or. Rev. Stat. § 659A.112 because they are not "employers," and, therefore, the Court should disregard their citizenship and conclude there is federal jurisdiction over this matter based on diversity.

6 - OPINION AND ORDER

Defendants are correct.  Or. Rev. Stat. § 659A.112(1) provides:

> It is an unlawful employment practice for *any employer* to refuse to hire, employ or promote, to bar or discharge from employment or to discriminate in compensation or in terms, conditions or privileges of employment because an otherwise qualified person is a disabled person.  (emphasis added).

Or. Rev. Stat. § 659A defines employers under Or. Rev. Stat. § 659A.001(4) as follows:

> "Employer" means any person who in this state, directly or through an agent, engages or uses the personal service of one or more employees, reserving the right to control the means by which such service is or will be performed.

Individuals, including supervisors, are not employers and, therefore, cannot be held liable for state-law claims under Or. Rev. Stat. § 659A.  *Reyna v. City of Portland*, No. 02-980-JO, 2005 WL 708344, at *7 (D. Or. Mar. 28, 2005).  Thus, the definition of "employer" under Or. Rev. Stat. § 659A.001(4) does not include individuals such as Defendants Nowack and King, who Plaintiff identifies as managers rather than employers.  For purposes of diversity jurisdiction, therefore, these individuals are "sham" and "fraudulent" defendants because Plaintiff cannot bring claims against them under Or. Rev. Stat. § 659A.112.

Accordingly, the Court denies Plaintiff's Amended Motion to Remand (#14).

7 - OPINION AND ORDER

## <u>DEFENDANTS' MOTION TO DISMISS</u>

As noted, Defendants move to dismiss or, in the alternative, for summary judgment pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiff filed his claims under Or. Rev. Stat. § 659A.112 after the expiration of the one-year statute of limitations.

Plaintiff, however, contends he complied with the one-year statute of limitations under Or. Rev. Stat. § 659A.112 or, alternatively, he complied with the two-year statute of limitations applicable to his wrongful-discharge claim under Oregon common law.

### <u>Timeline</u>

The undisputed record establishes the following:

- November 12, 2003 - Plaintiff allegedly was constructively terminated.

- February 19, 2004 - Bureau of Labor and Industries (BOLI) received Plaintiff's discrimination questionnaire.

- April 14 and 15, 2004 - Plaintiff was interviewed by BOLI concerning his allegations.

- April 15, 2004 - BOLI advised Plaintiff in writing that it would not accept a formal complaint in this matter and explained as follows:

> The Bureau of Labor and Industries,
> Civil Rights Division, has received
> your discrimination questionnaire.
> We have reviewed the questionnaire

8 - OPINION AND ORDER

and find that there are no bases
for the Civil Rights Division to
accept a formal complaint of
discrimination.  The reason(s) for
this action . . . you did not
provide substantial evidence to
support allegation of unlawful
constructive discharge.

- April 1, 2005 - Plaintiff asked for and obtained a copy

    of BOLI's letter dated April 15, 2004.

- On or about November 7, 2005 - Plaintiff files his

    complaint in state court.

### **Standards**

Dismissal under Fed. R. Civ. P. 12(b)(6) "for failure to
state a claim is proper 'only if it is clear that no relief could
be granted under any set of facts that could be proved consistent
with the allegations.'"  *Cervantes v. City of San Diego*, 5 F.3d
1273, 1274 (9th Cir. 1993)(quoting *Hishon v. King & Spalding*, 467
U.S. 69, 73 (1984)).  A court must limit its review to the
contents of the complaint, take all allegations of material fact
as true, and view the facts in the light most favorable to the
nonmoving party.  *Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir.
1998).

A court should not dismiss a complaint, thus depriving the
plaintiff of an opportunity to establish his claims at trial,
"unless it appears beyond doubt that the plaintiff can prove no
set of facts in support of his claim which would entitle him to
relief."  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir.

9 - OPINION AND ORDER

2001)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

In addition, if a court dismisses a claim pursuant to Rule 12(b)(6), the court should grant leave to amend unless the court determines the allegation of other facts consistent with the operative pleading could not possibly cure the deficiency. *Schreiber Distrib. Co. v. Serv-Well Furn. Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). *See also Reddy v. Litton Indus.*, 912 F.2d 291 (9th Cir. 1990), *cert. denied*, 502 U.S. 921 (1991).

## Discussion

In his Complaint, Plaintiff alleges Defendants discriminated and retaliated against him in violation of Or. Rev. Stat. § 659A.112.  Under Or. Rev. Stat. § 659A.112, it is unlawful for an employer to discharge an otherwise qualified person because they are disabled.

A civil action for disability discrimination in violation of Or. Rev. Stat. § 659A.112 must be commenced within one year after the occurrence of the unlawful employment practice unless the plaintiff has filed a timely complaint with BOLI.  Or. Rev. Stat. §§ 659A.875, 659A.885.  If a BOLI complaint is filed, the plaintiff must commence a civil action within 90 days after BOLI mails a 90-day notice to the plaintiff pursuant to Or. Rev. Stat. § 659A.880.

1.   **One-Year Statute of Limitations under Or. Rev. Stat.
     § 659A.112**

The statute of limitations for a plaintiff to bring a claim
under Or. Rev. Stat. § 659A.112 begins to run at the time of the
alleged unlawful employment practice.  *See* Or. Rev. Stat.
§ 659A.875.  In this case, the last alleged unlawful employment
practice by Defendants was the constructive termination of
Plaintiff on November 12, 2003.  Although Plaintiff was required
to file his Complaint within one year from his termination, he
did not file a complaint in state court until November 7, 2005.
It is, therefore, undisputed that Plaintiff filed his state-court
complaint well after the one-year statute of limitations expired.

2.   **Plaintiff's Mistake/Confusion Concerning BOLI**

Plaintiff alleges he filed a complaint with BOLI, but he
never received a 90-day notice.  As a result, Plaintiff contends
he was confused as to when he was required to file a complaint
with the courts.  These allegations do not have merit, however,
because Plaintiff never filed a complaint with BOLI but only
submitted a discrimination questionnaire.  As noted, after BOLI
interviewed Plaintiff regarding his allegations, BOLI sent
Plaintiff a letter dated April 15, 2004, informing him that it
would not accept a formal complaint regarding the issues set out
in his questionnaire because he "did not provide substantial
evidence to support [his] allegation of unlawful constructive
discharge."

11 - OPINION AND ORDER

Although Plaintiff contends he did not receive the April 15, 2004, letter from BOLI in a timely fashion, he acknowledges receiving a copy of the letter approximately one year later in April 2005.  Nonetheless, Plaintiff did not file a complaint in state court until November 2005.  Thus, even if the 90-day period under Or. Rev. Stat. § 659A.880 were applicable here, it is undisputed that Plaintiff filed his complaint in state court well after 90 days from his receipt of BOLI's letter informing him that it would not accept a formal complaint regarding his proposed claim.

**3.    Wrongful Discharge**

Plaintiff also asserts he has a valid common-law wrongful-discharge claim under state law because he filed his complaint in state court within the two-year statute of limitations pursuant to Or. Rev. Stat. § 12.110(1) and *Stupek v. Wyle Laboratories Corporation*, 327 Or. 433 (1998).

Although Plaintiff, in fact, did file a complaint in state court within the two-year statue-of-limitations period, Plaintiff does not allege a common-law wrongful-discharge claim in his complaint.  In any event, Defendants argue Plaintiff's statutory remedy under Or. Rev. Stat. § 659A.112 is adequate and exclusive and, therefore, Plaintiff does not have any basis to assert a claim for wrongful discharge under Oregon common law.

### a.    Common-law Wrongful Discharge Generally

Under Oregon law, an employer may discharge an employee at any time for any reason unless doing so violates a contractual, statutory, or constitutional requirement.  *Patton v. J.C.D. Penney Co.*, 301 Or. 117, 120 (1986).  The tort of wrongful discharge is a narrow exception to this general rule.  *See Sheets v. Knight*, 308 Or. 220, 230-31 (1989).

The tort of wrongful discharge, however, is not available in Oregon if an existing remedy adequately protects the public interest in question.  *Draper v. Astoria Sch. Dist. No. 1C*, 995 F. Supp. 1122, 1130-31 (D. Or. 1998).  "The underlying purpose of that tort in this state is not to vindicate individual interests of the employee by assuring that he or she receives the maximum possible recovery, but rather to protect important public policies by punishing conduct that thwarts those interests."  *Id.* at 1130.  In other words, the tort was never intended to be a tort of general application but rather an interstitial tort to provide a remedy when the conduct in question was unacceptable and no other remedy was available.  *Id.*  Thus, the court in *Draper* concluded a claim for common-law wrongful discharge is not available in Oregon if (1) an existing remedy adequately protects the public interest in question or (2) the legislature has intentionally abrogated the common-law remedies by establishing an exclusive remedy regardless whether the courts perceive that

13 - OPINION AND ORDER

remedy to be adequate.  *Id.* at 1130-31.

**b.  Wrongful Discharge versus Or. Rev. Stat. § 659A.112**

Or. Rev. Stat. § 659A.112, the Oregon statute governing disability discrimination, provides an adequate, exclusive remedy for Plaintiff's alleged damages and, therefore, wrongful discharge is not a claim available to Plaintiff in this matter. *See, e.g., Galenbeck v. Newman & Newman, Inc*., No. 02-6278-HO, 2004 WL 1088289 (D. Or. May 14, 2004); *Laird v. Marion County*, No. Civ. 04-6154-HO, 2005 WL 1669828 (D. Or. July 14, 2005).

In *Galenbeck*, for example, the plaintiff alleged, among other things, disability discrimination by her employer in violation of Or. Rev. Stat. § 659A.112 and common-law wrongful discharge.  2004 WL 1088289, at *1.  The defendant argued the plaintiff's wrongful-discharge claim should be dismissed because the plaintiff had an adequate and exclusive remedy under Or. Rev. Stat. § 659A.885, which provides, among other things, remedies for victims of unlawful employment practices including disability discrimination under Or. Rev. Stat. § 659A.112.  The court, citing *Farrimond v. Louisiana Pacific Corporation,* 103 Or. App. 563 (1990), explained

> [w]hen the Oregon legislature adopts virtually all of the remedies available under the common law, Oregon's courts conclude that the legislature intended the statutory remedy to be exclusive, and will find a wrongful-discharge claim to be preempted.

*Id.*  Both the *Galenbeck* and *Laird* courts found the statutory remedies to be adequate and exclusive and, therefore, concluded the plaintiffs' wrongful discharge claims were "preempted."  *Id.; Laird*, 2005 WL 1669828, at *4.  The Court agrees with the principles of *Galenbeck* and *Laird*.  Thus, even if Plaintiff had alleged a wrongful-discharge claim, it would have to be dismissed because Or. Rev. Stat. § 659A.112 provides an adequate and exclusive remedy for such a claim.  Moreover, the fact that Plaintiff failed to allege a claim under Or. Rev. Stat. § 659A.112 within the statute of limitations does not alter the Court's conclusion that Plaintiff's purported wrongful-discharge claim would be precluded by his otherwise adequate and exclusive statutory claim.

Thus, based on this record, the Court grants Defendants' Motion to Dismiss (#3).  Because it is not apparent from the record, however, whether there is any other basis on which Plaintiff may proceed, the Court grants Plaintiff until August 25, 2006, to file an amended complaint.


## CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's Amended Motion to Remand (#14), **GRANTS** Defendants' Motion to Dismiss (#3), and **GRANTS** Plaintiff until August 25, 2006, to file an amended complaint.  If Plaintiff fails to file an amended

complaint, the Court will dismiss this matter.

IT IS SO ORDERED.

DATED this 10th day of August, 2006.


/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

16 - OPINION AND ORDER