IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANTHONY S. ZASADA,                                   05-CV-1849-BR

       Plaintiff,                              OPINION AND ORDER

v.

GAP, INC.; JENNIFER
NOWACK; and JULIE KING,

       Defendants.


D. ERIC WOODARD
Kramer & Associates
520 S.W. Sixth Avenue, Suite 1010
Portland, OR 97204
(503) 243-2733

       Attorneys for Plaintiff


1 - OPINION AND ORDER

**RICHARD C. HUNT**
**PAULA A. BARRAN**
Barran Liebman LLP
601 S.W. Second Avenue, Suite 2300
Portland, OR 97204-2300
(503) 228-0500

      Attorneys for Defendants

**BROWN, Judge.**

This matter comes before the Court on the Motion to Dismiss (#35) Plaintiff's Amended Complaint filed by Defendants Gap, Inc.; Jennifer Nowack; and Julie King.  On November 17, 2006, the Court heard oral argument on Defendants' Motion and took the Motion under advisement.

For the reasons that follow, the Court **GRANTS** Defendants' Motion.

## BACKGROUND

For purposes of this Motion, the Court takes the allegations in Plaintiff's Amended Complaint as true and views them in the light most favorable to Plaintiff as the nonmoving party.

Plaintiff worked for Defendant Gap from the fall of 1999 through the fall of 2003.  Plaintiff was and is suffering the effects of HIV/AIDS, which Gap considers to be an impairment or disability.  Gap was aware of Plaintiff's condition and knew Plaintiff's medical provider recommended that he not work more than four consecutive days without time off.

2 - OPINION AND ORDER

Plaintiff alleges Defendant Jennifer Nowack, manager of the Gap store where Plaintiff worked, engaged in acts that she knew would be substantially certain to result in severe emotional distress to Plaintiff.  These acts included refusing to schedule Plaintiff's work hours in accordance with the recommendation of Plaintiff's doctor (*i.e.*, no more than four consecutive days at one time).  Nowack's actions were brought to the attention of Defendant Julie King, Gap's District Manager.  King, however, failed to remedy or to overrule Nowack's actions.  As an employee of Gap, Plaintiff was supervised by Defendants Nowack and King, and, as a result, Plaintiff alleges he and Defendants Nowack and King enjoyed a special relationship.  According to Plaintiff, such a relationship should have made Defendants more aware of Plaintiff's susceptibility to emotional distress.

Plaintiff apparently quit on November 12, 2003, after Defendants failed to comply with the recommendation of Plaintiff's doctor.  After Plaintiff's alleged constructive discharge, he was left without the health insurance that Gap had provided to him while he was an employee and was unable to get new health insurance for approximately six months.  Moreover, Plaintiff lost an employment-related $500,000 life-insurance policy, which he cannot replace.  Because Plaintiff was unemployed and did not have medical or life insurance, he alleges he suffered diminished self-esteem, depression, and

3 - OPINION AND ORDER

sleeplessness.  Plaintiff alleges the series of events that began when Defendants refused to comply with the scheduling recommendation of Plaintiff's doctor caused Plaintiff severe emotional distress.  In addition, as a person with HIV/AIDS, Plaintiff was susceptible to serious illness or death if he did not receive regular medical treatment.

On November 4, 2005, Plaintiff filed a complaint in Multnomah County Circuit Court in which he alleged one claim of disability discrimination in violation of Or. Rev. Stat. § 659A.112 and one claim of common-law wrongful discharge.  On December 7, 2005, Defendants invoked diversity jurisdiction and removed the action to this Court.  In an Opinion and Order issued August 11, 2006, the Court granted Defendants' Motion to Dismiss Plaintiff's disability-discrimination and wrongful-discharge claims and granted Plaintiff leave to file an amended complaint to include any other potential grounds for relief.  On September 19, 2006, Plaintiff filed an Amended Complaint in which he alleges one claim for intentional infliction of emotional distress.  On September 21, 2006, Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint on the ground that Plaintiff failed to state a claim.

## STANDARDS

Dismissal under Federal Rule of Civil Procedure 12(b)(6)

4 - OPINION AND ORDER

"for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'"  *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993)(quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).  A court must limit its review to the contents of the complaint, take all allegations of material fact as true, and view the facts in the light most favorable to the nonmoving party.  *Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1998).

A court should not dismiss a complaint, thus depriving the plaintiff of an opportunity to establish his claims at trial, unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## DISCUSSION

When deciding issues of state law, this Court must interpret and apply Oregon law as the Oregon Supreme Court would apply it.  *S.D. Myers, Inc. v. City and County of San Francisco*, 253 F.3d 461, 473 (9th Cir. 2001).  If no decision by the Oregon Supreme Court is available to guide the Court's interpretation of state law, the Court must predict how the Oregon Supreme Court would decide the issue by using intermediate appellate court decisions,

5 - OPINION AND ORDER

decisions from other jurisdictions, statutes, treatises, and restatements as guidance. *Id.*

## I. Intentional Infliction of Emotional Distress Generally.

Under Oregon common law,

> [t]o state a claim for intentional infliction of severe emotional distress, a plaintiff must plead that (1) the defendant intended to inflict severe emotional distress on the plaintiff, (2) the defendant's acts were the cause of the plaintiff's severe emotional distress, and (3) the defendant's acts constituted an extraordinary transgression of the bounds of socially tolerable conduct.

*McGanty v. Staudenraus*, 321 Or. 532, 543 (1995)(quoting *Sheets v. Knight*, 308 Or. 220, 236 (1989)).

### A. Whether Plaintiff Satisfactorily Alleged Defendants Intended to Inflict Severe Emotional Distress on Plaintiff.

To withstand Defendants' Motion to Dismiss, Plaintiff must allege Defendants "intended" to inflict severe emotional distress on him. The Oregon Supreme Court defines the intent required as either acting with a specific desire to inflict severe emotional distress or acting in such a way that "the actor . . . knows that such distress is certain, or substantially certain, to result from his conduct." *McGanty*, 321 Or. at 550 (quotations and emphasis omitted).

Here Plaintiff alleges Defendants refused to schedule his work hours in accordance with his doctor's recommendations, which resulted in Plaintiff's constructive discharge, and Defendants

6 - OPINION AND ORDER

knew to a substantial certainty that these actions would cause Plaintiff severe emotional distress.  Defendants do not contest Plaintiff has satisfactorily alleged this element for purposes of this Motion.

    **B.**    **Whether Plaintiff Satisfactorily Alleged Defendants' Acts Caused Plaintiff Severe Emotional Distress.**

To withstand Defendants' Motion to Dismiss, Plaintiff must allege Defendants' actions were the cause of his alleged severe emotional distress.

In his Amended Complaint, Plaintiff alleges he suffered severe emotional distress after his employment ended because he no longer had a job, medical insurance, or life insurance. Plaintiff also asserts his HIV/AIDS status rendered him particularly susceptible to severe emotional distress under those circumstances.

Defendants do not dispute Plaintiff satisfactorily alleged this element for purposes of this Motion.

    **C.**    **Whether Plaintiff Satisfactorily Alleged Defendants' Acts Constitute an Extraordinary Transgression of the Bounds of Socially Acceptable Conduct.**

"Whether conduct constitutes an extraordinary transgression of the bounds of socially tolerable conduct is a question of law."  *Harris v. Pameco Corp.*, 170 Or. App. 164, 171 (2000).  *See also Delaney v. Clifton*, 180 Or. App. 119, 129 (2002).  Plaintiff must allege Defendants' conduct was severe enough to constitute

7 - OPINION AND ORDER

an extraordinary transgression of the bounds of socially acceptable conduct.  *McGanty*, 321 Or. at 543.  Conduct, however, that is "rude, boorish, tyrannical, churlish and mean" but still not outrageous in the extreme does not transgress the bounds of socially acceptable conduct.  *See Patton v. J.C. Penny Co., Inc.*, 301 Or. 117, 124 (1986), *abrogated on other grounds by McGanty*, 321 Or. at 545.

A court may consider the existence of a "special relationship" between the plaintiff and the defendant when evaluating whether behavior is sufficiently severe or outrageous to exceed the bounds of socially acceptable conduct.  *McGanty*, 321 Or. at 544-45.  In the context of a claim for intentional infliction of severe emotional distress, an employment relationship can constitute a special relationship.  *See Hall v. May Dep't Stores Co.*, 292 Or. 131, 138 (1981)("[P]laintiff contends . . . the relationship between employer and employee imposes more demanding obligations to refrain from inflicting mental or emotional affronts than apply between strangers.  There is support for this view.").  *See also MacCrone v. Edwards Ctr., Inc.*, 160 Or. App. 91, 100 (1999).  For purposes of this Motion, the Court concludes Plaintiff has sufficiently alleged that he and Defendants shared a special relationship within the meaning of *McGanty*, *Hall*, and *MacCrone*.

Although claims for intentional infliction of severe

8 - OPINION AND ORDER

emotional distress are common, Oregon appellate courts have been reluctant to impose liability in employment settings for a number of reasons. For instance, even though "abusive acts" performed in the course of firing an employee can be the basis for such a claim, the mere act of discharging an employee is not sufficient standing alone. *Mandani v. Kendall Ford Co.*, 312 Or. 198, 205-06 (1991), *abrogated on other grounds by McGanty,* 321 Or. at 544. In addition, Oregon courts have found conduct by employers that could be perceived as "boorish" or "churlish" to be insufficient to transgress the bounds of socially acceptable conduct. In particular, Oregon courts have held the following do not constitute extraordinary transgressions of the bounds of socially tolerable conduct: Terminating an employee for refusing to pull down his pants, *Mandani*, 312 Or. at 203-06; terminating an employee because he refused to stop dating a co-worker, *Patton*, 301 Or. at 124; throwing a tantrum, screaming and yelling at his employees, accusing them of being liars and saboteurs, and then firing all of them, *Watte v. Edgar Maeyens, Jr., M.D., P.C.*, 112 Or. App. 234, 237 (1992); engaging in inconsistent and excessive supervision, unjustified reprimands, and threats of termination and requiring an employee to perform menial tasks, *Snyder v. Sunshine Dairy*, 87 Or. App. 215, 218 (1987).

An employer who places an employee in a position of imminent physical harm, however, potentially transgresses the bounds of

9 - OPINION AND ORDER

socially acceptable conduct. In *Babick v. Oregon Arena Corp.*, the plaintiffs were concert-venue security guards who tried to arrest members of the audience for engaging in assaultive behavior and possessing illegal drugs and alcohol. 333 Or. 401, 404 (2002). The plaintiffs' employer publicly chastised the plaintiffs for trying to arrest the patrons, and then the employer released the patrons. *Id.* at 405. The plaintiffs brought claims against their employer for intentional infliction of emotional distress in which they alleged, among other things, their employer's conduct transgressed the bounds of socially acceptable behavior by placing the plaintiffs in a dangerous situation of potentially imminent physical harm when the employer released the intoxicated and violent patrons back into the crowd. The Oregon Supreme Court held the plaintiffs adequately stated a claim for intentional infliction of emotional distress because, for purposes of the defendant's motion to dismiss, the court

> assume[d] the threat to plaintiffs was a grave one, *i.e.*, that, under the circumstances, there was a significant probability that the "intoxicated and violent" detainees physically would attack and harm those who had detained them. We also assume, given plaintiffs' other allegations about defendant's conduct during the concert, that defendant not only released a vengeful mob against plaintiffs, but in some sense added to the threatening atmosphere by interfering with plaintiffs' work and publicly rebuking them on the scene.

333 Or. at 413.

10 - OPINION AND ORDER

Here Plaintiff argues his claim is analogous to the plaintiffs' claim in *Babick*.  Plaintiff alleges Defendants' conduct caused him severe emotional distress by placing him in potential physical danger because he has a life-threatening medical condition that requires frequent medical care and Defendants' conduct resulted in Plaintiff's loss of medical insurance (*i.e.*, without access to medical care, Plaintiff will be at significantly greater risk of life-threatening illness in the future).

The *Babick* court, however, stressed an employer must subject an employee to imminent physical harm before a claim for intentional infliction of emotional distress can be stated.  The potential harm that Plaintiff is subject to in the future from the loss of health insurance is much less imminent than the threat of immediate harm posed by a potential attack from the group of intoxicated and violent people in *Babick*.  Thus, the Court concludes Plaintiff's circumstances do not rise to the level of imminent harm that threatened the plaintiffs in *Babick*.

Other Oregon decisions resolving claims that an employer's conduct transgressed the bounds of socially acceptable behavior have focused on acts that subject an employee to public humiliation.  In *Whelan v. Albertson's, Inc.*, for example, the Oregon Court of Appeals held a jury question existed as to whether a manager's repeated taunts frequently carried out in the

11 - OPINION AND ORDER

presence of customers and other bystanders, coupled with offensive jokes and insults regarding the plaintiff's sexual orientation, constituted conduct that transgressed the bounds of socially acceptable behavior.  129 Or. App. 501, 505-06 (1995). Here Plaintiff does not suggest Defendants tried to humiliate him by publicly refusing to schedule his work hours as requested.

     Moreover, even when a plaintiff alleged an employer treated him less favorably based on HIV-positive status, a court in this district found that treatment was not sufficient to form the basis of a claim for intentional infliction of emotional distress.  *Sexsmith v. Marriott Int'l, Inc.*, 896 F. Supp. 1040, 1041-42 (D. Or. 1995).  In *Sexsmith*, the plaintiff, who was HIV-positive, brought an action against his employer for intentional infliction of emotional distress based in part on the employer's refusal to investigate further the plaintiff's complaints of sexual harassment.  The plaintiff based his claim on the employer's allegedly one-sided investigation and its disregard for the plaintiff's need for a low-stress work environment in light of his HIV-positive status.  The court held the plaintiff failed to state an intentional infliction of emotional distress claim because the employer's investigations were legitimate and, therefore, did not constitute an extraordinary transgression of socially acceptable behavior for purposes of the plaintiff's claim regardless of the plaintiff's need for a low-stress

12 - OPINION AND ORDER

environment.  *Id.* at 1041-43.

In summary, on this record, even if a special employment relationship existed between Plaintiff and Defendants, the Court concludes Defendants' refusal to schedule Plaintiff's work hours in accordance with his doctor's recommendation despite the consequences of Defendants' refusal do not rise to the level of an extraordinary transgression of the bounds of socially tolerable conduct under Oregon law.  Accordingly, Defendants' conduct is not a sufficient basis to state a claim for intentional infliction of severe emotional distress.

Accordingly, the Court grants Defendants' Motion to Dismiss Plaintiff's Amended Complaint.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motion to Dismiss (#35).

IT IS SO ORDERED.

DATED this 8th day of January, 2007.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

13 - OPINION AND ORDER